**Byron W. Wanamaker, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 22,440.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. Thomas W. Taylor, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916.

### Statement of the Case.

Action by Byron W. Wanamaker, plaintiff, against the Chicago City Railway Company, defendant, in the Circuit Court of Cook county, to recover for personal injuries sustained by plaintiff in a collision between defendant's street car and a wagon which plaintiff was driving, causing plaintiff to be thrown from the wagon. From a judgment for plaintiff for $5,000, defendant appeals.

About noon on October 23, 1912, the plaintiff was driving a team of light mules, hitched to a turntable stake wagon loaded with vinegar and pickle casks. He was an experienced teamster and had been driving this particular team of mules a little over a year. He went in an easterly direction on 59th street in Chicago, until he reached Wentworth avenue, where he turned southeasterly diagonally across the two street car tracks on Wentworth, over to the east curb of the street. He drew up alongside and parallel to the curb of the sidewalk, with the mules headed south, at a point 50, feet, more or less, south of the 59th street building line. He made a delivery in a grocery store near this point, and after making such delivery remounted his wagon and turned his mules westward and northward, intending to drive north to the corner of Wentworth and 59th street and east on 59th. When plaintiff got on the seat of the wagon he saw a north-

bound car coming on the easterly track on Wentworth, and at this time it appeared to him to be 400 or 500 feet away. There was another vehicle directly south of him standing alongside of the curb, so that the only way he could turn was to drive his team directly onto the track. He started to turn towards the west, and when the mules were on the track he saw the street car then about 220 feet distant. There were street car tracks on 59th street, and plaintiff knew that the northbound car would have to come to a stop at the south side of 59th street. The wagon moved slowly and when the mules struck the track they commenced to slip, and plaintiff's attention was occupied at this time in holding the mules with a tight rein so that they would not fall. The northbound car, however, proceeded and struck the wagon, while it was moving, near the left front wheel, shoving it along somewhat until the right front wheel broke, permitting the hub to drop to the surface of the street, and plaintiff was thrown from his wagon and received the injuries complained of. When plaintiff indicated to the motorman his intention to cross the tracks the car was over 200 feet away and going about fifteen miles an hour but slowing down. When it was within 20 to 25 feet of the wagon it was going seven or eight miles an hour, but the car was allowed to drift and the brake was not applied until the car was just about to hit the wagon.

Benjamin F. Richolson and Watson J. Ferry, for appellant; J. R. Guilliams and W. W. Gurley, of counsel.

George E. Gorman and Fred W. Reinhardt, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 63*—*when evidence shows motorman guilty of negligence.* In an action to recover for personal injuries to the driver of a wagon, resulting from its being struck by a street car while the driver was attempting to turn around in a street across the car tracks, evidence *held* to justify a finding that the defendant street car company's motorman was guilty of negligence causing the injury.

2. STREET RAILROADS, § 91*—*when driver of wagon not guilty of contributory negligence.* In an action to recover for personal injuries to the driver of a wagon, resulting from his being struck by a street car while the driver was attempting to turn around in a street across the car tracks, evidence *held* to justify a finding that the plaintiff was not guilty of negligence contributory to the injury.

3. INSTRUCTIONS, § 120*—*when properly refused.* It is not error to refuse to give instructions as to ordinances not applicable to the facts in the case.

4. STREET RAILROADS, § 149*—*when refusal to give instruction as to impertinent ordinance not erroneous.* In an action to recover for personal injuries to the driver of a wagon, resulting from his being struck by a street car approaching from the direction in which the wagon was facing, while the driver was attempting to turn around in a street across the car track, it is not error to refuse to give an instruction as to an ordinance which provides that vehicles shall not turn in a street until a signal is given, where the ordinance has reference to a signal which could be plainly seen in the rear.

5. STREET RAILROADS, § 149*—*when refusal of instruction as to ordinance requiring driver to signal not erroneous.* In an action to recover for personal injuries to the driver of a wagon, resulting from its being struck by a street car, while the driver was attempting to turn around in a street across the car tracks, it is not error to refuse to give an instruction as to an ordinance requiring the driver to give a signal before making such a turn, where the movement of the driver and his team was a sufficient indication to the motorman of the driver's intention to turn across the tracks.

6. STREET RAILROADS, § 149*—*when refusal to instruct as to ordinance regulating street traffic not erroneous.* In an action to recover for personal injuries to the driver of a wagon which had stopped with its left side next to the curb, resulting from its being struck by a street car approaching from the direction in which the wagon was facing, while the driver was attempting to turn around in the street across the car tracks, it is not error to refuse to give

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an instruction as to an ordinance providing that no vehicle shall stop with its left side to the curb, since in such a case the pivotal question is not the position of the wagon before it started to turn but whether it turned onto the track when the car was so close that it could not be stopped.

7. STREET RAILROADS, § 149*—*when refusal to instruct as to right of way in streets not erroneous.* In an action to recover for personal injuries to the driver of a wagon, resulting from its being struck by a street car while the driver was attempting to turn around across the car tracks, *held* not error to refuse to instruct the jury that street cars have a superior right over other vehicles upon that portion of the street occupied by the tracks, since such an instruction would have tended to mislead the jury.

8. DAMAGES, § 124*—*when verdict for broken leg not excessive.* A verdict for $5,000 for injuries sustained by a teamster, resulting from a collision with a street car, consisting of a compound fracture of both bones of the left leg above the ankle and making him a cripple for life, *held* not excessive.